**John STEWART, Plaintiff,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, a Delaware Corporation, Defendant.**

**Civil No. 5–94–153.**

United States District Court,
D. Minnesota,
Fifth Division.

Aug. 28, 1995.

Paul Andrew Strandness, David A. Meyer, Eckman Strandness & Egan, Minneapolis, MN, for Plaintiff.

Patrick J. Sweeney, Spence Ricke & Thurmer, St. Paul, MN, for Defendant.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Defendant's Motion to Compel a Rule 35 vocational examination of the Plaintiff, and upon the Plaintiff's Motion for a Protective Order that would preclude the Defendant from conducting discovery in the guise of a disciplinary Hearing.[1]

A Hearing on the Motions was conducted on August 23, 1995, at which time the Plaintiff appeared by Paul A. Strandness, Esq., and the Defendant appeared by Patrick J. Sweeney, Esq.

For reasons which follow, we grant the Defendant's Motion for a Rule 35 examination, and we deny the Plaintiff's Motion on jurisdictional grounds.

### II. *Discussion*

A. *The Defendant's Motion for a Rule 35 Vocational Examination.* The Defendant contends that, in the absence of a Rule 35 vocational examination, it will be unable to effectively counter the vocational opinions that the Plaintiff will proffer at Trial. In response, the Plaintiff underscores that, subsequent to the injury at issue, the Defendant conducted a vocational evaluation of the Plaintiff by two separate rehabilitation consultants and, therefore, no prejudice would result if the Defendant were to call either of those consultants to testify. According to the Defendant, however, these vocational consultations were prompted by its obligations as an employer, under the Americans with Disabilities Act of 1990, Title 42 U.S.C. § 12101, *et seq.*, to reasonably accommodate

---

1. In addition to the pending Motions, the parties had filed cross-Motions to compel discovery that have since been amicably resolved, and the Plaintiff filed a Motion for a Temporary Restraining Order ["TRO"] so as to preclude the Defendant from conducting a disciplinary Hearing until the Court could rule upon the Plaintiff's Motion for a Protective Order. The Motion for a TRO was referred to us by the District Court, the Honorable Richard H. Kyle presiding, and, in conferring with the parties, the Court inquired as to the amenability of the Defendant to enter into a voluntary "stay-put" agreement until the Court's Hearing on the pending Motions. We understood that such an agreement was acceptable and the disciplinary proceeding was continued. Accordingly, the Plaintiff's Motion for a TRO is Moot.

the Plaintiff's disability, if any, so as to continue in its employ.

■ Based upon the Record before us, we are satisfied that the scope and purpose of the Plaintiff's past vocational evaluation, by the consultants of the Defendant, were directed at continued employment with the Defendant and were not directly concerned with the Plaintiff's overall employability. The distinction is telling since, on one prior occasion, we limited the Defendant to an Independent Medical Examination, which was undertaken in the same period of time that these vocational evaluations were performed, but which was generally directed at the Plaintiff's medical condition and was not restricted in scope as had been the vocational appraisals. We would strongly suspect that counsel for the Plaintiff could substantially discredit the opinions of the vocational consultant, who should be called to testify by the Defendant if we were not to grant the Rule 35 Motion, on the specific ground that the only evaluation that was completed by that consultant was substantially limited in scope and purpose. Accordingly, we grant the Defendant's Motion to conduct a Rule 35 vocational examination.[2]

B. *The Plaintiff's Motion for a Protective Order.* The Defendant has made its intention known that it plans to conduct a disciplinary investigation concerning assertedly false responses that the Plaintiff made in his employment documents. The Plaintiff does not contest the authority of the Defendant to conduct such an investigation, under the terms and conditions of the parties' collective

bargaining agreement, but contends that the investigation is merely a subterfuge by which the Defendant may potentially obtain the Plaintiff's admissions against interests, during the course of proceedings at which he would not be represented by legal counsel. In addition, the Plaintiff strongly suspects that the conduct of a disciplinary investigation is an ill-cloaked attempt by the Defendant to limit its damage exposure.[3]

Here, the Defendant contends that, in applying for employment with the Defendant, the Plaintiff denied any preemployment back difficulties. Apparently, as a result of its investigation of the Plaintiff's current claim, the Defendant uncovered one or more instances when the Plaintiff sought medical treatment for a back condition at a time that was prior to his employment with the Defendant. Insofar as the Record discloses, the Plaintiff does not deny those prior instances of back treatment, or the fact that they were not disclosed in his employment application. According to the Defendant, it is entitled, under the terms of its collective bargaining agreement with the Plaintiff, to investigate this claim and to mete out such discipline as is warranted.

Fearing that the Defendant is only interested in discharging the Plaintiff so as to substantially diminish his loss of future earnings claim, the Plaintiff requests our Order that would preclude the Defendant from further investigating the matter until after the Trial in this case is completed. In this respect, the Plaintiff concedes that the contemplated investigation does not relate to the

2. Given the clear language of Rule 35(a), Federal Rules of Civil Procedure, after its amendment in 1991, the Plaintiff does not question the propriety of compelling a vocational examination when the Plaintiff places that aspect of his future employability in contest. Moreover, the Plaintiff has not premised his objection to the Rule 35 examination on any deficiency in the qualifications of the proposed vocational examiner and, therefore, we are not called upon to address those issues.

Lastly, when strictly construed, Rule 35(a) would require that this Order "specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." In this District, this aspect of a Rule 35(a) Order is routinely deferred to the parties' so that they might accommodate each other's interests and availability. As a conse-

quence, we do not incorporate such specific terms in this Order but, absent agreement by the parties, the Court would be prepared to do so.

3. Frequently, employment with a railroad will produce earnings substantially above those that are readily available in the surrounding labor market. If the railroad, in a Federal Employers' Liability Act ["FELA"] proceeding, can prove that the claimant would not have continued in its employ, by virtue of having been discharged for misconduct, then the railroad's potential damage exposure could be lessened, since comparable incomes, in the assessment of future lost earnings, would not be contrasted with usually higher incomes attributable to the claimant's pre-discharge employment with the railroad.

facts underlying his injury, or to the extent of the physical injury that he claims to have suffered. In turn, the Defendant argues that we are without jurisdiction to rule on this issue since "minor disputes,"[4] which arise under the terms and conditions of a railroad's collective bargaining agreement, are preempted by the Railway Labor Act, Title 45 U.S.C. § 151–188 ["RLA"], and are expressly to be resolved by the National Railroad Adjustment Board ["NRAB"]. See, *Title 45 U.S.C. § 184.*

In his response, the Plaintiff draws our attention to the Court's decision in *Smith v. Union Pacific R. Co.,* 878 F.Supp. 171, 173 (D.Colo.1995), where the Court concluded that a railroad's interest, in scheduling a medical examination of the plaintiff, was a circumvention of the Court's restrictions on discovery, as contained in the Court's Pretrial Orders. With respect to the railroad's argument, that the scheduling of the claimant's medical examination was a "minor dispute," outside of the Court's jurisdiction, the Court merely observed that it found the railroad's "argument facile and unpersuasive." *Id.* at 172. Were we to find the Court's analysis of the "minor dispute" issue in *Smith* persuasive—which we do not—we would, nevertheless, find the holding of the Court to be factually inapposite. Unlike the circumstances in *Smith,* here the Plaintiff can point to no pretrial Order of this Court which would be countermanded or circumvented if the Defendant's investigation were permitted to proceed.

■ Indeed, carried to its logical conclusion, the Plaintiff's argument would encourage a railroad employee, who had committed a dischargeable offense, to file a claim, under the Federal Employers' Liability Act ["FELA"], so as to stay any investigation, and any subsequent dismissal from employment.[5] As a consequence, we adhere to the reasoning of those decisions which recognize, that the Court is without authority to intercede in a "minor dispute," which only has a tangential impact upon the claimant's prosecution of his FELA action. See, *Hendley v. Central of Ga. R.R. Co.,* 609 F.2d 1146, 1150 (5th Cir.1980) ("a disciplinary hearing which is conducted in accordance with the procedures set out in an applicable collective bargaining agreement would usually constitute a minor dispute"), cert. denied, 449 U.S. 1093, 101 S.Ct. 890, 66 L.Ed.2d 822 (1981);[6]

4. As explained in *Hogan v. Northwest Airlines, Inc.,* 880 F.Supp. 685, 689 (D.Minn.1995):

> A minor dispute "grow[s] out of grievances or out of the interpretation and application of agreements concerning rates of pay, rules or working conditions." 45 U.S.C. § 153, first (i). If a dispute is classified as "minor," the RLA [i.e., the Railway Labor Act, Title 45 U.S.C. §§ 151–188] provides the exclusive means for resolving the dispute. 45 U.S.C. § 184. In determining whether a dispute is minor, it is irrelevant whether the legal basis for the claim derives from a source other than the collective bargaining agreement. * * * The question is whether the claim requires the interpretation and application of the collective bargaining agreement.

See also, *Gregory v. Burlington Northern R. Co.,* 638 F.Supp. 538, 540–41 (D.Minn.1986), aff'd, 822 F.2d 1092 (8th Cir.1987).

Notably, the Plaintiff does not contest the Defendant's characterization of the issues surrounding the disciplinary investigation as a "minor dispute." Rather, the Plaintiff contends that this Court has inherent authority to preclude the undertaking of such an investigation when that investigation could traverse the Court's discovery or other Orders. See, *Smith v. Union Pacific R. Co.,* 878 F.Supp. 171, 173 (D.Colo.1995).

5. Stated conversely, if the Plaintiff's argument were correct, then the filing of an FELA claim would, for all practical purposes, insulate the claimant from the railroad's disciplinary authority during the pendency of his claim. Even where, as here, the disciplinary investigation has no direct relationship to the manner in which the accident in question occurred, an FELA claimant could avoid any discipline, for a dischargeable offense, by arguing that the effectuation of that discipline might diminish his opportunity to recover his alleged loss of future earnings. Of logical necessity, we reject the argument as unsound.

6. We are mindful that the Court, in *Hendley v. Central of Ga. R.R. Co.,* 609 F.2d 1146, 1150 (5th Cir.1980), cert. denied, 449 U.S. 1093, 101 S.Ct. 890, 66 L.Ed.2d 822 (1981), found a limited exception to the preemptive effect of the Railway Labor Act, Title 45 U.S.C. §§ 151–188 ["RLA"], when the disciplinary proceeding under the RLA violates a specific Federal statutory provision; namely, Title 45 U.S.C. § 60, which makes it a crime to discipline an employee for voluntarily furnishing information in connection with an FELA case. *Id.* at 1151. Here, however, the Plaintiff does not contend that the conduct of the disciplinary investigation violates either Title 45 U.S.C. § 60, or any other Federal statutory sec-

*Holmes v. Elgin, Joliet & Eastern Ry. Co.,* 815 F.Supp. 279, 284 (N.D.Ind.1992); *Clark v. Seaboard Coast Line R.R. Co.,* 332 F.Supp. 380, 381 (N.D.Ga.1970).

To the, extent that the Plaintiff is concerned that his statements, during the disciplinary investigation, may be used to impeach him, the Trial Court will be in a position to properly prevent any abuses from occurring during the course of the Trial of this matter. Similarly, we doubt that the conduct of a disciplinary Hearing, at this time, would appreciably alter the evidence at Trial. We understand, and the parties do not dispute, that any action by the Defendant to discharge the Plaintiff, as a result of the disciplinary proceedings, is appealable to the NRAB. Since the Trial in this matter is presently scheduled to commence on October 5, 1995, it is undisputed that the finality of a discharge, if one should ultimately result from the disciplinary proceedings, would not occur until the NRAB should rule—an occurrence which is not expected until long after the Trial in this matter is concluded.[7] At this stage, we merely conclude that we are without jurisdiction to direct the Defendant to stay its disciplinary investigation pending the conclusion of this Trial.

NOW, THEREFORE, It is—

ORDERED:

1. That the Defendant's Motion for an Order Compelling the Plaintiff to undergo a Rule 35 vocational examination [Docket No. 25] is GRANTED.

2. That the Plaintiff's Motion for a Protective Order [Docket No. 21] is DENIED.

3. That the parties' cross-Motions to Compel [Docket Nos. *10* and 20] are DENIED as moot.

4. That the Plaintiff's Motion for a Temporary Restraining Order [Docket No. 23] is DENIED as moot.

---

tion. Instead, the Plaintiff rests its request for a Protective Order solely upon the potential effect that its conduct might have on his FELA claim. For reasons advanced by the Court in *Holmes v. Elgin, Joliet & Eastern Ry. Co.,* 815 F.Supp. 279, 283–84 (N.D.Ind.1992), such an argument is an insufficient basis "to trigger the narrow exception to preemption." *Id.* at 283.

**7.** Given the Trial Court's superior position to assess the evidence at the time of Trial, we ex-

press no opinion as to how the issue of the Plaintiff's discharge, if a discharge should ensue, should be considered, if at all, by the Jury. Similarly, while we would anticipate that the Plaintiff's asserted failure to disclose his purported back condition will be addressed at Trial, we defer to the Trial Court's assessment the extent and the purposes for which that evidence may be admissible. To rule on those issues now would be premature.