**Kenneth B. RIENSCH, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, Defendant.**

No. Civ.A. 98–B–952.

United States District Court, D. Colorado.

June 16, 1998.

James K. Vucinovich, Yeager, Jungbauer, Baczak & Roe, PLC, Minneapolis, MN, Brian J. Berardini, Brown, Berardini & Dunning, P.C., Denver, CO, for Plaintiff.

Steven E. Napper, Robert N. Belt, Union Pacific Railroad Company, Denver, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff, Kenneth B. Riensch (Riensch), moved for a temporary restraining order or, in the alternative, for a protective order on June 4, 1998. Riensch sought entry of an order preventing defendant, Union Pacific Railroad Company (UP), from requiring him to attend "fitness-for-duty" physical examinations on June 8 and June 9, 1998 and from disciplining him for failing to attend the physical examinations. I entered a temporary restraining order and protective order on June 4, 1998 pending a further hearing on June 15, 1998. Based on the evidence and argument presented at the hearing on June 15, 1998, and for the reasons set forth below, I deem Riensch's motion as a motion for protective order and I grant Riensch's motion.

### I.

Riensch was allegedly injured on June 1, 1997 while working for UP. He has not returned to work since sustaining his injuries. Riensch's doctor anticipates that he will be unable to return to work until July 2000. (Plf.'s Ex. I.) Riensch commenced this action on April 29, 1998, pursuant to the Federal Employers Liability Act (FELA), 45 U.S.C. §§ 51–60 (1997).

Riensch received a letter from UP dated May 29, 1998, instructing him to attend a "return-to-work exam with drug screen" on June 8, 1998, and a "functional capacities evaluation" on June 9, 1998. (Plf.'s Ex. J.) Each examination was to be performed in Pueblo, Colorado. According to the letter, the functional capacities evaluation required Riensch to attend in exercise clothing and would last approximately six hours. The letter states that "[a]ppointments may not be canceled or changed without obtaining prior permission from the undersigned." Based on past practices of UP and other common carriers, Riensch's failure to attend a "fitness-for-duty" exam could result in disciplinary action. (Plf.'s Exs. A–C.) Riensch seeks entry of a protective order prohibiting defendant from requiring him to appear at the examinations and from disciplining him for failure to appear.

### II.

▪ Because this is a discovery dispute, I deem Riensch's motion as a motion for protective order pursuant to Fed.R.Civ.P. 26(c). Rule 26(c) provides, in relevant part:

Upon motion by a party or the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,
. . .

Fed.R.Civ.P. 26(c). The decision to grant a protective order is vested in the district court's discretion. *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir.1987).

### III.

UP argues that I have no jurisdiction to enter the order sought and that Riensch fails to show good cause for the protective order. I address each argument separately.

### a. Jurisdiction

■ UP first contends that the Railway Labor Act (RLA), 45 U.S.C. §§ 151–188 (1997), vests exclusive jurisdiction in the National Railroad Adjustment Board (NRAB) for compulsory arbitration of this dispute regarding physical examination of Riensch. I am not persuaded.

Congress enacted the RLA in 1926 to prevent strikes in important transportation industries by providing a comprehensive framework for resolving labor disputes. *See, e.g., Elgin, J. & E. Ry. Co. v. Burley*, 325 U.S. 711, 722–728, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945). The RLA establishes a mandatory arbitral mechanism for the prompt and orderly settlement of "disputes between an employee ... and a carrier ... growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions...." 45 U.S.C. §§ 151a & 153(i). The National Railroad Adjustment Board (NRAB) has exclusive jurisdiction over "minor" disputes, *Union Pacific R. Co. v. Sheehan*, 439 U.S. 89, 94, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978), defined by the Supreme Court as disputes arising over duties "rooted

firmly in the collective-bargaining agreement" so that "any attempt to assess liability here inevitably will involve labor contract interpretation." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252–256, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994) (internal quotation and citation omitted).

UP contends that its dispute with Riensch regarding the fitness-for-duty examinations is a "minor" dispute that implicates the RLA's arbitral mechanism. In *Smith v. Union Pacific R. Co.*, 878 F.Supp. 171 (D.Colo. 1995), Judge Kane rejected this jurisdictional argument. Central to Judge Kane's holding was the district court's inherent jurisdiction to supervise the course of pretrial discovery in FELA cases:

Clearly the "back-to-work" physical at issue bears directly on the issues pending in this case. It is entirely possible [plaintiff] could say something against his interest during the examination that could be used against him in this action. Should [plaintiff] continue to refuse to attend the physical and be fired pursuant to the terms of the collective bargaining agreement ..., [defendant] could significantly reduce the nature and amount of damages for which it is liable and obtain an unfair advantage in this litigation.

To the extent the "back-to-work" physical and ensuing disciplinary proceedings bear on issues relevant to this FELA action and generate facts or medical opinions that could be used as evidence against [plaintiff], it constitutes "discovery" within the meaning of Fed.R.Civ.P. 26(b)(1) and is subject to this court's authority under Rule 26(c) ... to manage and control "as justice requires."

*Smith* at 172; *see also Vicary v. Consolidated Rail Corp.*, 942 F.Supp. 1146, 1149 (N.D.Ohio 1996) (courts may supervise the course of pretrial discovery in FELA case despite existence of the Norris–LaGuardia Act, 29 U.S.C. § 101).

In *Atchison, Topeka & Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 564–565, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987), the Supreme Court confirmed that "minor" disputes subject to RLA arbitration are those that involve duties and rights created or defined by the applica-

ble collective bargaining agreement (CBA). The Supreme Court also discussed the non-exclusive relationship between the FELA and the RLA:

> The fact that an injury otherwise compensable under the FELA was caused by conduct that may have been subject to arbitration under the RLA does not deprive an employee of his opportunity to bring an FELA action for damages.... The FELA not only provides railroad workers with substantive protection against negligent conduct that is independent of the employer's obligations under its collective-bargaining agreement, but also affords injured workers a remedy suited to their needs, unlike the limited relief that seems to be available through the [NRAB]. It is inconceivable that Congress intended that a worker who suffered a disabling injury would be denied recovery under the FELA simply because he might also be able to process a narrow labor grievance under the RLA to a successful conclusion.

*Buell,* 480 U.S. at 564–565, 107 S.Ct. 1410; *see also Ertle v. Continental Airlines, Inc.,* 136 F.3d 690, 693 (10th Cir.1998) (state law claim is not automatically preempted simply because the facts underlying the claim may also support an action pursuant to a CBA). It is likewise inconceivable that Congress afforded injured workers the right to seek recovery pursuant to the FELA in federal court but denied to those same injured workers the ability to invoke the Federal Rules of Civil Procedure during the pendency of their FELA actions. Unquestionably, the Federal Rules of Civil Procedure govern this FELA action. The Federal Rules provide for discovery in the form of physical examinations under Rule 35 upon a showing of good cause. Thus, UP's order requiring Riensch to attend physical examinations circumvents the established procedures for discovery set forth in the Federal Rules.

Although he did not discuss his reasoning, Judge Kane also rejected UP's argument that the matter should have been sent to the NRAB for compulsory arbitration as a "minor" internal labor dispute. *Smith,* 878 F.Supp. at 172. I agree. UP cites numerous cases in an effort to show that this is a "minor" dispute that is subject to compulsory arbitration under the RLA. UP relies pri-

marily on *Fry v. Airline Pilots Ass'n, Int'l,* 88 F.3d 831 (10th Cir.1996). In *Fry,* non-striking airline pilots and their spouses brought various state common law claims against the airline and union for alleged post-strike harassment. The Tenth Circuit held that most of the pilots' state common law claims required interpretation of collective bargaining agreements and, therefore, were preempted by the RLA. *Fry,* 88 F.3d at 836. The Tenth Circuit applied *Norris* in reaching its holding:

> Under *Norris* and *Lingle* [*v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) ], the threshold question remains whether resolution of the federal and state law claims of the plaintiffs requires interpretation or application of the CBAs. *Norris,* 512 U.S. at [258], 114 S.Ct. at 2247; *Lingle,* 486 U.S. at 405–06, 108 S.Ct. at 1881–82. *Norris* also confirmed labor law's longstanding recognition that a CBA is more than the sum of its parts. It comprises express provisions, industry standards, and "norm[s] that the parties have created but have omitted from the collective bargaining agreement's explicit language." *Norris,* 512 U.S. at [261], 114 S.Ct. at 2250; see also *Allis–Chalmers,* 471 U.S. at 215–16, 105 S.Ct. at 1913–14 (CBAs may contain implied as well as express terms); *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 578–79, 80 S.Ct. 1347, 1350–51, 4 L.Ed.2d 1409 (1960) (CBAs are intended to cover the entire employment relationship). Thus, plaintiffs' claims are minor disputes if they depend not only on a right found in the CBAs, but also if they implicate practices, procedures, implied authority, or codes of conduct that are part of the working relationship.
>
> Preemption of minor disputes under the RLA ... extends to any suit that "is inextricably intertwined with consideration of the terms of the labor contract." *Allis–Chalmers,* 471 U.S. at 213, 105 S.Ct. at 1912.

*Fry* at 836. Contrary to UP's assertions, *Fry* does not impliedly reject Judge Kane's decision in *Smith.* *Fry* merely reiterates the Supreme Court's holding in *Norris* and *Buell* that "minor" disputes subject to RLA arbi-

tration are those disputes that involve duties and rights created or defined by the CBA.

Applying *Norris* and *Fry*, I conclude that resolution of this dispute does not require interpretation or application of the CBA. Here, no interpretation of the CBA is required to determine whether UP's request for physical examination of plaintiff contravenes the Federal Rules. UP's duty to proceed in accordance with the Federal Rules of Civil Procedure is not a right or duty grounded in the CBA and does not require its interpretation or application. *See Norris,* 512 U.S. at 266, 114 S.Ct. 2239 (the plaintiff's claim for violation of Hawaii's Whistleblower Protection Act involved purely factual issues and did not implicate the parties' CBA). I have jurisdiction pursuant to the FELA and the Federal Rules apply to this action.

### b. Existence of Good Cause

■ Justice requires entry of a protective order prohibiting UP from requiring Riensch to attend the fitness-for-duty physical examinations. Riensch has demonstrated that the extra-judicial physical examinations bear on issues relevant to this FELA action and could generate facts or medical opinions that could be used as evidence against Riensch. The requested physical examinations, therefore, constitute discovery within the meaning of Fed.R.Civ.P. 26(b)(1) and is subject to this court's authority pursuant to Rule 26(c). The impact upon Riensch's FELA action is more than tangential. UP's effort to circumvent the Federal Rules, whether intentional or not, threatens the integrity of the judicial process and implicates Riensch's right to counsel. Any interest UP has in obtaining information regarding Riensch's medical condition is adequately protected by Fed. R.Civ.P. 35. Thus, good cause exists for the issuance of a protective order.

Accordingly, I ORDER that:

(1) plaintiff's motion for a temporary restraining order or, in the alternative, motion for a protective order is DEEMED to be a motion for protective order pursuant to Fed.R.Civ.P. 26(c);

(2) the court's temporary restraining order entered June 4, 1996 is VACATED;

(3) plaintiff's motion for a protective order pursuant to Fed.R.Civ.P. 26(c) is GRANTED;

(4) defendant MAY NOT COMPEL plaintiff to attend any physical or mental examinations except in accordance with the Federal Rules of Civil Procedure; and

(5) until after plaintiff's pending FELA lawsuit against defendant is resolved and this court is divested of its jurisdiction over the parties by entry of a final judgment, the orders of this court SHALL GOVERN the relationship of the parties.